**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>        Plaintiff, )<br>    )<br>    v. )<br>    )<br>$42,000.00 IN UNITED STATES )<br>CURRENCY, )<br>    )<br>$38,050.00 IN UNITED STATES )<br>CURRENCY, )<br>    )<br>$42,000.00 IN UNITED STATES )<br>CURRENCY, )<br>    )<br>        Defendants. ) | Case No. 3:12-cv-00501-MMD-VPC |

**DEFAULT JUDGMENT OF FORFEITURE**

The United States filed a Verified Complaint for Forfeiture in Rem (ECF No. 1) on September 19, 2013. The Complaint (ECF No. 1) alleges the defendant property:

    a.    was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

. . .

b.  is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

c.  was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

On October 30, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 3) and issued the Summons and Warrant of Arrest in Rem for the Property (ECF No. 4).

Pursuant to the Order (ECF No. 3), the Complaint (ECF No. 1), the Order (ECF No. 3), the Summons and Warrant (ECF No. 4), and the Notice of Complaint for Forfeiture (ECF No. 8, p. 4-6, 23-24, 40-42, 60-61; ECF No. 8-2 p. 14-15, 33-34, 51-52, 70; ECF No. 8-3 p. 1) were served on the defendant property and all persons claiming an interest in the defendant property. All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 35 days after the notice of this action was sent by mail, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims. Complaint, ECF No. 1; Order for Summons and Warrant of Arrest in Rem for the Property and Notice, ECF No. 3; Summons and Warrant Issued by the Clerk, ECF No. 4; Notice of Filing Service of Process, ECF Nos. 8, 8-2, 8-3.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from November 3, 2012, through December 2, 2012. Notice of Filing Proof of Publication, ECF No. 5.

On January 2, 2013, and February 11, 2013, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice

. . .

1  by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 8, p. 3-
2  57.
3        On January 3, 2013, the United States Marshals Service served the Complaint, the Order, the
4  Summons and Warrant of Arrest in Rem for the Property, and the Notice on Montoria Marshall by
5  regular mail. Notice of Filing Service of Process, ECF No. 8, p. 58-70 and ECF No. 8-1, p. 1-5.
6        On January 3, 2013, the United States Marshals Service served the Complaint, the Order, the
7  Summons and Warrant of Arrest in Rem for the Property, and the Notice on Jesse Owen Ray III by
8  regular mail and certified return receipt mail. Notice of Filing Service of Process, ECF No. 8-2, p.
9  12-48.
10       On January 3, 2013, the United States Marshals Service served the Complaint, the Order, the
11 Summons and Warrant of Arrest in Rem for the Property, and the Notice on Montoria Marshall,
12 Jesse Ray, and Vanessa Parham, by and through their counsel Kirt J. Hopson, by regular mail and
13 certified return receipt mail. Notice of Filing Service of Process, ECF No. 8-2, p. 49-70 and ECF No.
14 8-3, p. 1-15.
15       On February 6, 2013, an Answer and a Claim were filed with the Court by Vanessa Parham.
16 Answer, ECF No. 6; Claim, ECF No. 6-1.
17       On February 6, 2013, an Answer and a Claim were filed with the Court by Montoria
18 Marshall. Answer, ECF No. 7; Claim, ECF No. 7-1.
19       On November 1, 2013, a Notice of Withdrawal of Claim was filed by Vanessa Parham.
20 Withdrawal of Claim, ECF No. 14.
21       On November 1, 2013, a Notice of Withdrawal of Claim was filed by Montoria Marshal.
22 Withdrawal of Claim, ECF No. 13.
23       No other person or entity has filed a claim, answer, or responsive pleading within the time
24 permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).
25       Montoria Marshal is not in the military service within the purview of the Servicemembers
26 Civil Relief Act.

Vanessa Lee Parham is not in the military service within the purview of the Servicemembers Civil Relief Act.

Jesse Owen Ray III is not in the military service within the purview of the Servicemembers Civil Relief Act.

On December 5, 2013, the United States filed a Request for Entry of Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. Request for Entry of Default, ECF No. 15.

On December 6, 2013, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. Default, ECF No. 16.

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against: a) $42,000.00 in United States Currency; (b) $38,050.00 in United States Currency; (c) $42,000.00 in United States Currency; (d) Montoria Marshall; (e) Vanessa Lee Parham; (f) Jesse Owen Ray III; and (g) and all persons or entities who claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

DATED THIS 10th day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE